IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM S.

    Plaintiff,

    v.

LASSEN COUNTY; MELODY BRAWLEY; KEVIN MANNEL; LYNNE MARGOLIES; KIM PERKINS; and RONALD VOSSELOR,

    Defendants.

CIV-S-05-1217 DFL CMK

MEMORANDUM OF OPINION AND ORDER

    Plaintiff William S. ("William") brings suit against defendants, Lassen County and a number of individuals (collectively "defendants"), for violations of federal and state law arising out of his employment with the County. Defendants move to dismiss the following portions of William's First Amended Complaint ("FAC"): (1) his claim for failure to hire under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and (2) his claims under the First Amendment. In addition, the following defendants move for dismissal from all or portions of the FAC: (1) defendants Vossler, Perkins, and Brawley move for dismissal from the FAC; and (2) defendants Margolies and Mannel

1

1  move for dismissal from William's claim under the ADA.

2  For the reasons stated below, the court: (1) GRANTS
3  defendants' motion to dismiss defendants Vossler, Perkins, and
4  Brawley from the FAC; (2) GRANTS defendants' motion to dismiss
5  William's claim for failure to hire under the ADA; (3) GRANTS
6  defendants' motion to dismiss defendants Margolies and Mannel
7  from William's claim under the ADA; and (4) GRANTS defendants'
8  motion to dismiss William's claim for violation of the First
9  Amendment rights to privacy and freedom of speech with leave to
10 amend.

I.

The FAC makes the following allegations:

In 1999, William applied for positions with Lassen County. (FAC ¶ 7.)  Lassen County's personnel director refused to place William on a list of employees eligible for hiring because of William's medical condition.  (Id. ¶ 9.)  Because of the personnel director's actions, William filed a claim with the EEOC.  (Id. ¶ 10.)  The parties resolved that claim by placing William on a list of people eligible to take the qualifying examination.  (Id. ¶ 10.)

On February 23, 2004, Lassen County hired William as a social worker.  (Id. ¶¶ 12, 14-15.)  The personnel director attempted to retract the employment offer because: (1) of William's medical condition; and (2) William had filed a complaint with the EEOC.  (Id. ¶ 12.)  On August 16, 2004, William discovered that his name and medical condition had been

posted on a cubicle in the Department of Social Services for Lassen County.  (Id. ¶ 13.)

On August 18, 2004, William complained about the posting to the Deputy County Administrative Officer and William's Social Work Supervisor, but he received no response.  (Id. ¶ 15.)  Because he received no response, William filed a claim with the Board of Supervisors of Lassen County.  (Id. ¶ 16.)  On March 10, 2005 the Board denied William's claim.  (Id.)  On June 3, 2005, the EEOC issued William a "notice of right to sue."  (Id. ¶ 23.)

On June 18, 2005, William filed this suit.  On August, 8, 2005, he filed the FAC.  Based on the facts discussed above, William brought the following claims: (1) a claim under 42 U.S.C. § 1983; (2) violation of the First Amendment rights to privacy and freedom of speech; (3) intentional infliction of emotional distress; (4) violation of the ADA; (5) violation of rights guaranteed by the California Constitution; and (6) violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 *et seq*.

## II.

On a motion to dismiss, the allegations in the complaint are accepted as true.  Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964).  The complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99 (1957).

3

A. Defendants Vossler, Perkins, and Brawley

Defendants Vossler, Perkins and Brawley move for dismissal from the FAC. (Mot. at 4-5.) William concedes that these defendants should be dismissed. (Opp'n at 4.) Therefore, the court GRANTS defendants' motion to dismiss defendants Vossler, Perkins, and Brawley.

B. Violation of the ADA

1. Failure to Hire

Defendants argue that William's ADA claim for failure to hire is barred because he failed to timely exhaust his administrative remedies. (Mot. at 3.) William responds that he did not make a claim for failure to hire under the ADA. (Opp'n at 3.) However, in the FAC, William states "defendants treated [him] differently and failed to hire him to a position." (FAC ¶ 51.) Because William used the term "failed to hire," defendants reasonably understood the complaint to make a claim for failure to hire under the ADA. Therefore, in order to avoid confusion, the court GRANTS defendants' motion to dismiss William's claim for failure to hire under the ADA.

2. Defendants Margolies and Mannel

Defendants Margolies and Mannel argue that they should be dismissed from William's ADA claim. (Mot. at 3.) William concedes that these defendants should be dismissed from the ADA claim. (Opp'n at 4.) Therefore, the court GRANTS defendants' motion to dismiss defendants Margolies and Mannel from the ADA claim.

4

C. First Amendment

Defendants move to dismiss William's second claim for violation of his First Amendment right to freedom of speech. (Mot. at 4.)

To establish a prima facie case of retaliation under the First Amendment, plaintiff must show that he engaged in protected speech, the defendants took an adverse employment action against him, and the protected speech was a substantial or motivating factor for the adverse employment action. Thomas v. Beaverton, 379 F.3d 802, 807-8 (9th Cir. 2004). A public employee's speech is protected if he spoke "as a citizen upon matters of public concern" rather than "as an employee upon matters only of personal interest." Id. (citations omitted).

Here, William alleges that defendants violated his right "to hold his personal medical condition as private knowledge" by posting his medical condition in a place where it could be viewed by others. (FAC ¶ 33.) He also claims that defendants posted the information in retaliation for the exercise of his First Amendment right to seek redress of his grievances by filing a claim with the EEOC. (FAC ¶ 36.)

Defendants argue that William's claim under the First Amendment should be dismissed because he fails to allege: (1) how defendants restricted his freedom of speech; and (2) that his speech was a matter of public concern. (Mot. at 4.)

In his opposition, William defends the First Amendment claim solely as a claim about privacy; he does not address at all the

5

retaliation claim that is also advanced in the FAC. However, the right to privacy does not arise from the First Amendment.[1] See Whalen v. Roe, 429 U.S. 589, 598 n.23, 97 S.Ct. 869 (1977) (finding the constitutional right to privacy is found in the Fourteenth Amendment's "concept of ordered liberty").

It is unclear whether William intends to allege a claim for a violation of a right to privacy under the Fourteenth Amendment or retaliation under the First Amendment, or both.[2] Therefore, because William has left the matter in confusion and fails to set forth a short and plain statement of his claim, as required by Fed. R. Civ. P. 8, the court GRANTS defendants' motion to dismiss William's claim for violation of the First Amendment with leave to amend.

### III.

For the reasons stated above, the court: (1) GRANTS defendants' motion to dismiss defendants Vossler, Perkins, and Brawley from the FAC; (2) GRANTS defendants' motion to dismiss William's claim for failure to hire under the ADA; (3) GRANTS defendants' motion to dismiss defendants Margolies and Mannel from William's claim under the ADA; and (4) GRANTS defendants'

---

[1] Courts have recognized an intersection between freedom of the mind, protected by the First Amendment, and the right to privacy. Doe v. City of Lafayette, Ind., 377 F.3d 757, 777 (7th Cir. 2004). However, William's claim does not involve freedom of thought. He appears to claim that defendants violated his right to privacy by posting information about his medical history. This allegation would fall under Whalen.

[2] The court also notes that William has failed to bring his claims for constitutional violations under § 1983.

6

motion to dismiss William's claim for violation of the First Amendment rights to privacy and freedom of speech with leave to amend.  An amended complaint must be filed within 28 days of the file date of this order or the First Amendment claim will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: 12/15/2005

_____
DAVID F. LEVI
United States District Judge