IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM S.,<br><br>    Plaintiff,<br><br>    v.<br><br>LASSEN COUNTY; MELODY BRAWLEY; KEVIN MANNEL; LYNNE MARGOLIES; KIM PERKINS; and RONALD VOSSELOR,<br><br>    Defendants. | CIV-S-05-1217 DFL CMK<br><br>MEMORANDUM OF OPINION<br>AND ORDER |

    Defendants move to dismiss William S.'s ("William") Fourteenth Amendment and ADA claims. In addition, defendants move to strike: (1) William's allegations that defendants failed to hire him because of his alleged disability; and (2) William's claim that defendants violated his Fourteenth Amendment right to privacy by posting his medical condition on the internet.

    For the reasons stated below, the court: (1) GRANTS defendants' motion to dismiss William's first claim; (2) GRANTS defendants' motion to dismiss William's ADA claim against Margolies; (3) DENIES defendants' motion to dismiss William's ADA claim; (4) DENIES defendants' motion to dismiss William's

1

retaliation claim under the ADA; (5) GRANTS defendants' motion to strike references to a failure to hire in the second amended complaint ("SAC"); and (6) DENIES defendants' motion to strike William's allegation that defendants violated his Fourteenth Amendment right to privacy by posting his medical condition on the internet.

I.

William makes the following allegations in the Second Amended Complaint ("SAC"):

In 1999, William applied for positions with Lassen County. (SAC ¶ 7.) Lassen County's personnel director refused to place William on a list of employees eligible for hiring because of William's medical condition. (Id. ¶ 9.) Because of the personnel director's actions, William filed a claim with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 10.) The parties resolved that claim by placing William on a list of people eligible to take the qualifying examination. (Id. ¶ 10.)

On February 23, 2004, Lassen County hired William as a social worker. (Id. ¶¶ 12, 14-15.) The personnel director attempted to retract the employment offer because: (1) of William's medical condition; and (2) William had filed a complaint with the EEOC. (Id. ¶ 12.) On August 16, 2004, William discovered that his name and medical condition had been posted on a cubicle in the Department of Social Services for Lassen County. (Id. ¶ 13.)

On August 18, 2004, William complained about the posting to

1  the Deputy County Administrative Officer and William's Social
2  Work Supervisor, but he received no response.  (Id. ¶ 15.)
3  Because he received no response, William filed a claim with the
4  Board of Supervisors of Lassen County ("Board").  (Id. ¶ 16.)
5  After William filed a claim with Lassen County, his medical
6  condition was disclosed on the internet.  (Id. ¶ 36.)  On March
7  10, 2005 the Board denied William's claim.  (Id.)  On June 3,
8  2005, the EEOC issued William a "notice of right to sue."  (Id. ¶
9  23.)

10      On June 18, 2005, William filed this suit.  On September 8,
11 2005, William filed the first amended complaint ("FAC").  On
12 December 16, 2005 the court: (1) granted defendants' motion to
13 dismiss defendants Vossler, Perkins, and Brawley from the FAC;
14 (2) granted defendants' motion to dismiss William's claim for
15 failure to hire under the ADA; (3) granted defendants' motion to
16 dismiss defendants Margolies and Mannel from William's claim
17 under the ADA; and (4) granted defendants' motion to dismiss
18 William's claim for violation of the First Amendment rights to
19 privacy and freedom of speech with leave to amend.  (12/16/2005
20 Order at 6-7.)

21      On January 9, 2006, William filed the SAC, asserting the
22 following claims: (1) violation of rights guaranteed by the
23 Fourteenth Amendment; (2) violation of the First Amendment right
24 to privacy; (3) intentional infliction of emotional distress; (4)
25 violation of the ADA; (5) violation of rights guaranteed by the
26 California Constitution; and (6) violation of the Confidentiality

3

of Medical Information Act, Cal. Civ. Code § 56 *et seq*.

On February 16, 2006, the parties stipulated to dismiss defendant Kevin Mannel ("Mannel") from the SAC. (2/16/2006 Order.)

II.

A. Motion to Dismiss

On a motion to dismiss, the allegations in the complaint are accepted as true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964). The complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99 (1957).

1. Motion to Dismiss First Claim

Defendants move to dismiss William's first claim for "violation of rights guaranteed by the Fourteenth Amendment." William contends that his first claim "states that the Plaintiff was deprived of his right to privacy without due process of law." (Opp'n at 2.) In addition, he claims that "plaintiff has alleged sufficient evidence to indicate that Lassen County violated his constitutional right to privacy." (Id.) William appears to argue that his first claim raises a right to privacy claim under the Fourteenth Amendment. However, William titles his second claim "violation of the Fourteenth Amendment rights to privacy." Because William does not distinguish these claims, and because it appears that the first two claims are duplicative, the court

4

GRANTS defendants' motion to dismiss William's first claim.

### 2. ADA Claim

Defendants argue that: (1) Margolies should be dismissed from William's ADA claim; (2) William's failure to hire claim should be dismissed; and (3) William's ADA claim should be dismissed in its entirety. (Mot. at 3-6.)

#### a. Margolies

Defendants argue that Margolies should be dismissed from William's ADA claim because supervisors cannot be held personally liable under the ADA. (Id. at 3.) William responds that he has not alleged that Margolies violated the ADA. (Opp'n at 3.) However, in William's ADA claim, he alleges that "defendants" committed a number of acts. (SAC ¶¶ 50-55.) Because William does not define "defendants," it is unclear if this term includes Margolies. Therefore, the court GRANTS defendants' motion to dismiss William's ADA claim against Margolies.

#### b. Failure to Hire Claim

Defendants argue that William's ADA claim for failure to hire should be dismissed in light of the court's previous ruling which plaintiff did not oppose. (Mot. at 4.) In its December 16, 2005 order, the court dismissed this claim. (12/16/2005 Order at 4.) Therefore, to the extent that the SAC re-alleges a failure to hire claim, the motion to dismiss is granted.

#### c. ADA Claim

Defendants argue that William's ADA claim should be dismissed because: (1) he fails to allege a physical or mental

5

impairment that substantially limits a major life activity; and (2) he fails to plead a retaliation claim under the ADA.  (Mot. to Dismiss at 6; Reply to Opp'n to Mot. to Dismiss at 3-4.)  The ADA's employment-related provisions protect "qualified individuals with a disability."  42 U.S.C. § 12112(a).  The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(2).

To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two.  Pardi v. Kaiser Found. Hosp., 389 F.3d 840, 849 (9th Cir. 2004).  The Ninth Circuit has held that pursuing one's rights under the ADA constitutes a protected activity.  Id. at 850.

William fails to specifically allege how he is mentally or physically impaired and what the major life activity his disability substantially limits.  Instead, he states that he has a "medical condition."  (SAC ¶ 50.)  Although William fails to specifically plead his mental or physical impairment, defendants know he is HIV positive because he asserted this on a California Torts Claim Act form.  In addition, requiring William to specifically plead the major life activity that his disability substantially limits is beyond the requirements of Rule 8(a).  The court finds that William has pleaded sufficient facts to state a claim.  Therefore, the court DENIES defendants' motion to

6

dismiss William's ADA claim.

Although William does not mention retaliation in his fourth claim for a violation of the ADA, he states under the general allegations that "Defendants have retaliated against the Plaintiff because he filed a claim with the EEOC and because of his medical condition."  (SAC ¶ 20.)  This statement also meets the requirements of Rule 8(a) because William alleges that he engaged in a protected activity -- filing a claim with the EEOC -- and that defendants retaliated against him because he filed the claim.  Therefore, the court DENIES defendants' motion to dismiss William's claim for retaliation under the ADA.

B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Also, "[a] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."  Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 (C.D. Cal. 1996) (citing Tapley v. Lockwood Green Eng'rs, Inc., 502 F.2d 559, 560 (8th Cir. 1974)).  Rule 12(f) aims to prevent "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  However, courts generally disfavor motions to strike because litigants often use them to delay proceedings and because pleadings have limited importance in federal practice.

7

Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

### 1. Failure to Hire

Defendants move to strike William's allegation that defendants failed to hire him based on his alleged disability. (Mot. to Strike at 2.)  Although the court dismissed William's failure to hire claim in the December 16, 2005 order, he still alleges that "defendants had a mandatory duty to consider the application of the plaintiff for employment because of his experience, education and competence unrelated to his medical condition which was not an impairment to his ability to complete the duties of the employment description for which he applied." (SAC ¶ 51.)

William responds that he retained this allegation because it is evidence of defendants' pattern or practice of discriminating against people with disabilities.  (Opp'n to Mot. to Dismiss at 2.)  Because this claim has been dismissed, to avoid confusion, the court GRANTS defendants' motion to strike references to a failure to hire in William's SAC.  Whether the court will permit evidence of a failure to hire is a distinct question that may be addressed by way of an in limine motion prior to trial.

### 2. Internet Posting

Defendants move to strike William's allegation that defendants retaliated against him by posting his medical condition on the internet.  (Mot. to Strike at 2.)  Defendants argue that William has no right to privacy in his medical

8

condition because he included that information on his California Tort Claims Act form.  (<u>Id.</u>; ex. A to Request for Judicial Notice.)

To state a viable § 1983 claim, William must allege a violation of a right secured by the United States Constitution or the laws of the United States.  42 U.S.C. § 1983.  The constitutional right to privacy includes the "individual interest in avoiding disclosure of personal matters."  <u>Whalen v. Rose</u>, 429 U.S. 589, 599, 97 S.Ct. 869 (1977); <u>see</u> <u>also</u> <u>Doe v. Attorney General</u>, 941 F.2d 780, 795 (9th Cir. 1991) (recognizing that the right to privacy encompasses medical information).

Defendants do not dispute that William had a privacy interest in his medical status.  Instead, they seem to argue that he waived this privacy interest by filing a tort claim, which is available to the public.  However, factual issues preclude the court from ruling on this issue.  For example, defendants have not presented evidence that William's claim was available to the public or that he knew that by filing a claim he was placing his medical condition in the public record.  Nor is it clear that the county may condition the filing of the claim upon a waiver of a constitutionally protected privacy interest.  These issues cannot be resolved on a motion to strike.  Therefore, the court DENIES defendants motion to strike William's allegation that defendants retaliated against him by posting his medical condition on the internet.

////

III.

For the reasons stated above, the court: (1) GRANTS defendants' motion to dismiss William's first claim; (2) GRANTS defendants' motion to dismiss William's ADA claim against Margolies; (3) DENIES defendants' motion to dismiss William's ADA claim; (4) DENIES defendants' motion to dismiss William's retaliation claim under the ADA; (5) GRANTS defendants' motion to strike references to a failure to hire in William's SAC; and (6) DENIES defendants' motion to strike William's allegation that defendants violated his Fourteenth Amendment right to privacy by posting his medical condition on the internet.

IT IS SO ORDERED.

Dated: April 11, 2006

/s/ David F. Levi
DAVID F. LEVI
U. S. DISTRICT JUDGE