IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM S.,

    Plaintiff,

    v.

LASSEN COUNTY, et al.,

    Defendants.

No. Civ.S-05-1217 DFL CMK

MEMORANDUM OF OPINION AND ORDER

    Plaintiff William S. ("William") alleges that Lassen County ("County") and numerous individual defendants improperly disclosed his medical condition. William alleges that defendants twice violated his privacy rights: first, by placing his name and medical condition on a list posted in the public health department and, second, by posting his resulting claim against the County on the internet. The County moves for summary judgment on the second alleged disclosure, arguing that William had no reasonable expectation of privacy in information he voluntarily disclosed in the claim.

////

I.

In early 2004, Lassen County hired William as a social worker.  Second Amended Complaint (SAC) ¶ 12.  William alleges that on August 16, 2004 he found his name and medical condition posted on a list in the Lassen County Department of Social Services.  Id. ¶ 13.  He filed a claim for damages with the Board of Supervisors ("the Board"), as required by Cal. Gov't Code §§ 945 et seq.  SAC § 16.  William's February 2, 2006 claim contained a specific description of his medical condition.  Motion for Summary Judgement ("Mot."), 2.  As was the practice at the time, the Board posted William's claim form on the internet by linking it to the Board's online agenda for the meeting in which it planned to address the claim.  Id. at 5-6.  William previously had read other claim forms posted on the Board's website in this manner so that he was on notice that the claim would be treated as a public document.[1]  Id. at 6.  He made no request that the claim be treated confidentially; nor did he attempt to make any other arrangement that would keep private the particular details of his medical condition.

In this case, one of William's claims is that the Board

---

[1] William testified under oath that he was aware before the submission of his claim that the Board posted claim forms online. See William Depo., July 14, 2006, 244:12-247:10.  He later contradicted the deposition testimony in a declaration, stating that he was unaware that the Board posted online the substance of claims.  See William Decl. ¶ 9.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).  The court, therefore, disregards William's later statement.

2

1 violated his right to privacy by disclosing his medical condition
2 on the internet.  Lassen County moves for summary judgment on the
3 limited issue of whether the Board's posting of the claim
4 violated any right protected by the Fourteenth Amendment or the
5 California Constitution.

II.

To demonstrate a privacy violation under the California Constitution, plaintiff must show: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." Ortiz v. Los Angeles Police Relief Ass'n, 98 Cal. App. 4th 1288, 1300 (2002).

William possesses a legally protected privacy interest in information concerning his medical condition. See Norman-Bloodsaw v. Lawrence Berkeley Laboratory, 135 F.3d 1260, 1270-71 (9th Cir. 1998).  However, William's voluntary disclosure of his medical condition in the body of his claim eliminates any reasonable expectation of privacy in the contents of that claim. William does not assert that he expected the claim to be maintained under seal.  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Rather, he asserts that he did not expect that the document would be placed on the internet where anyone could view it without

traveling to the County's offices.  This is a distinction without a difference.  In the modern era any publicly available document may find its way to the internet and it is not reasonable for a plaintiff to assume that an organizational defendant will keep its files off of the internet.  Moreover, here William actually knew that the claim form would be placed on the internet because he had seen that the County linked such agenda items to the underlying claim.  In these circumstances, William had no reasonable expectation of privacy in a document already available to the public.[2]  See Cal. Gov. Code § 6253 (2002) (placing California public records generally open to inspection); William Depo., July 14, 2006, 244:12-247:10 (acknowledging that he knew that the Board previously had posted claim forms online).

William similarly fails to demonstrate a privacy violation under the United States Constitution.  The disclosure of his medical condition could implicate a constitutional right to informational privacy.  See Norman-Bloodsaw, 135 F.3d at 1269-70 (recognizing federal Constitutional right to privacy of medical information); see also Whalen v. Roe, 429 U.S. 589, 599 (1977) (discussing generally right to informational privacy).  Here, however, William waived the confidentiality of his medical

---

[2] William also alleges that Lassen County violated the Confidentiality of Medical Information Act ("CMIA") by disclosing his condition without a signed release.  Cal. Civ. Code §§ 56 et seq.  The CMIA, however, applies only to the release of information by health care providers.  Pettus v. Cole, 49 Cal. App. 4th 402, 425 (1996).  The Board is not a health care provider and is beyond the CMIA's scope.  See Cal. Civ. Code § 56.05(j) (definition of "provider of health care").

4

1  condition by making a public disclosure of that very condition.

2  William argues that he was caught in a "catch-22," in which
3  he was forced to disclose his condition to state an adequate
4  claim.  The claim form requested a description of "the particular
5  act or omission and circumstances you believe caused injury
6  and/or damage."  However, California Government Code § 910(d),
7  governing claims such as William's against government entities,
8  requires only "[a] general description of the indebtedness,
9  obligation, injury, damage or loss incurred so far as it may be
10 known at the time of presentation of the claim."  The claim "must
11 fairly describe what that entity is alleged to have done," but
12 "need not conform to pleading standards."  Shoemaker v. Myers, 2
13 Cal. App. 4th 1407, 1426 (1992).  Under this pleading standard,
14 William did not need to allege the specific medical information
15 disclosed or the precise statute violated by defendants to state
16 an adequate claim.

### III.

For these reasons, the court GRANTS the motion for partial summary judgment.

IT IS SO ORDERED.

Dated: 11/22/2006

*(signature)*

DAVID F. LEVI
United States District Judge

5